```
             UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


 Daniel Silva,                        )
                                      )
           Plaintiff,                 )
                                      )   Civil Action No.
      v.                              )      04-11769-NG
                                      )
 Essex County Correctional            )
 Facility, et al.,                    )
                                      )
           Defendants.                )
```

MEMORANDUM AND ORDER

GERTNER, District Judge.

For the reasons stated below, this action is dismissed as to Essex County Correctional Facility.

FACTS

On August 9, 2004, Daniel Silva, an inmate at a state prison in Maine, filed his complaint in this action as well as an application to proceed <u>in forma pauperis</u>. Silva maintains that, while serving a sentence in a Massachusetts prison, he was improperly imprisoned for 153 days past his originally scheduled release date. (Although Silva is currently incarcerated, he has completed the sentence which is the subject of this lawsuit.) Silva has named as defendants the Essex County Correctional Facility (the "ECCF"); Howard Canusco, the keeper of the records at the ECCF; the Peabody Police Department; Sheila McDaid and Lynn Hanson, both

sergeants of the Peabody Police Department; and Frank G. Cousins, Jr., Sheriff of Essex County.  Silva alleges that, after his arrival at the ECCF, the individual defendants "entered into a conspiracy to falsify official government documents to deliberately cause me to be falsely imprisoned." Compl. ¶ D.  As a result of this conspiracy, Silva did not receive credit for the 153 days he voluntary spent prior to his sentencing in a Salvation Army program.  Silva claims that the alleged misconduct of the defendants violated his rights under the Eighth and Fourteenth Amendment and is therefore actionable under 42 U.S.C. § 1983.

## ANALYSIS

I.   The Complaint Is Subject to Screening

Because Silva is a prisoner, he is subject to the provisions of the Prison Litigation Reform Act.  The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints.  See 28 U.S.C. § 1915 (proceedings in forma pauperis); 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of

fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief, see 28 U.S.C. 1915(e)(2).  Complaints by litigants proceeding in forma pauperis may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Watson v. Caton, 984 F.2d 537, 539 (1st Cir. 1993).

Section 1915A authorizes the Court to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

Pursuant to the authority granted to the Court under these sections, the plaintiff's claims against the ECCF are dismissed for the reasons stated below.

II.  All Claims Against the ECCF Shall Be Dismissed

Under Federal Rule of Procedure 17(b), the capacity of a

non-individual defendant to be sued is determined by state law. Fed. R. Civ. P. 17(b). Essex County and its sheriff are responsible for the operation and maintenance of its correctional facility. See Montgomery v. Rufo, No. 96-11557-GAO, 1998 WL 151233, at *1-*2 (D. Mass. Mar. 27, 1998) (Suffolk County); Mass. Gen. Laws ch. 126, § 16 (sheriff has custody and control of the jails in his county).

    Massachusetts law expressly provides that a county and its sheriff may be sued, but no statutory or case authority supports a direct action against the jail. Mass. Gen. Laws ch. 34, § 1 (stating that each county shall be a body politic and corporate for the purposes of suit); Mass. Gen. Laws ch. 37, § 10 (suits against sheriff); cf. Mass Gen. Laws ch. 126, § 4 (purpose of jails). For purposes of litigation, the ECCF is not a governmental entity, a legal subdivision of Essex County, or a public body politic. Miller v. Suffolk County House of Correction, No. Civ.A.01-11331-DPW, 2002 WL 31194866, at *4 (D. Mass. Sept. 27, 2002) (citations omitted). Thus, I will dismiss Silva's claims against the it.[1] Id.

---

[1] Moreover, even if I were to assume that the ECCF is a sueable entity, any theory of liability for the jail would be based on a theory of respondeat superior liability for the acts of individual employees, and there is no respondeat superior liability under Section 1983. See Polk County, 454 U.S. at 325. Further, other courts have held that correctional facilities are not legal entities and therefore

CONCLUSION

For the above-stated reasons, I dismiss the plaintiff's claims against the Essex County Correctional Facility and order that it be terminated as a defendant in this action. SO ORDERED.

Dated at Boston, Massachusetts, this 29th day of October, 2004.

/s/ Nancy Gertner
UNITED STATES DISTRICT JUDGE

---

are not capable of being sued. See, e.g., Ignudo v. McPhearson, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004); Pelletier v. Maine, 2000 WL 1900287, at * 2 (Dec. 15, 2000); Alexander v. City of Rockwall, 1998 WL 684255, at *3 (N.D. Tex. Sept. 27, 1998); Smallwood v. Renfro, 708 F. Supp. 182, 186 (N.D. Ill. 1989).