UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANIEL SILVA,                                    )
    Plaintiff,                                   )
                                )          CIVIL ACTION NO.
        v.                                      )          04-11769-NG
                                )
SHERIFF FRANK COUSINS, ET AL.,                   )
    Defendants.                                  )

ORDER ON REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff has submitted a letter to the Court requesting appointment of counsel for him.  Under 28

U.S.C. §1915(e)(1), the Court "may request an attorney to represent any person unable to afford

counsel." 28 U.S.C. §1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.

DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991). (citations omitted).

In order to qualify for appointment of counsel,  a party must be indigent and exceptional

circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging

on the party's due process rights.  Id.  In determining whether there are exceptional circumstances

sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the

merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  Id. at

24 (citations omitted).

In accordance with this standard plaintiff's request for counsel is denied, without prejudice.

While plaintiff's ability to pay for counsel may constitute a genuine issue, the plaintiff has failed to

demonstrate that this case presents the kind of exceptional circumstances warranting appointment of

counsel at this time.

1

Accordingly, the request for appointment of counsel is denied without prejudice to renewing after the Defendants have filed a dispositive motion[1] or the dispositive motion deadline has expired, provided Plaintiff makes the showing of exceptional circumstances warranting appointment of *pro bono* counsel.  A scheduling conference shall be set in order to establish a discovery and/or briefing schedule in this action.  Plaintiff is not required to file any responses to any pleadings filed by the defendants in this action, pending the scheduling conference, at which time plaintiff will be advised as to any filing obligations set by the Court.

DATED:  February 25, 2005                              /s/ Nancy Gertner
                                                                     NANCY GERTNER
                                                                     UNITED STATES DISTRICT JUDGE

---

[1]Dispositive motions are motions brought by a party seeking either to dismiss an opposing party's claim(s) due to some legal or pleading deficiency, or to obtain a judgment on the claim where there is a showing that there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law.  See Rule 56 of the Federal Rules of Civil Procedure. Grounds for motions to dismiss include: (1) lack of jurisdiction over the subject matter; (2)  lack of jurisdiction over the person; (3)  improper venue; (4)  insufficiency of process; (5)  insufficiency of service of process; (6)  failure to state a claim upon which relief can be granted; and (7)  failure to join an indispensable party.  See Rule 12 of the Federal Rules of Civil Procedure.
          The grant of a dispositive motion may serve to narrow the legal issues to be tried, or may determine the entire dispute so that no trial is necessary.