UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL SILVA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. |
| SHERIFF FRANK COUSINS, ET AL., | ) 04-11769-NG |
| | ) |
| Defendants. | ) |

## MOTION TO DISMISS THE DEFENDANTS' MOTION
## TO FILE LATE THEIR MOTION FOR JUDGMENT ON PLEADINGS

The plaintiff has just received, on April 20, 2005, at about 6:00 pm, documents from the defendants' counsel which contains copies of the defendants' motion to this honorable court "to allow them to file late by two weeks their Motion for Judgment on Pleadings", and their dispositive motion – "Motion for Judgment On The Pleadings.."

The plaintiff strongly urges this honorable court to dismiss the defendants' motions, particularly the motion to file late and grant a judgment in favor of the plaintiff due to the fact that the defendants failed to file, on time, as per the order of this honorable court, a dispositive motion in this matter.

On February 25, 2005, this honorable court (through the Honorable Magistrate Robert Collins) issued an order, among other things, asking the defendants to file a "memorandum of law...**on or before the close**

1

of business on Thursday, March 31, 2005; the memorandum may be accompanied by a **motion to dismiss or for summary judgment**", (emphasis provided). Also, on February 25, 2005, the Honorable Magistrate Nancy Gertner, issued an Order denying the plaintiff's request for an appointment of counsel.

The defendants' apparently claim that the two Orders caused such a great confusion that they had to wait till **April 15, 2005** to file their motion - to file late - their motion for judgment on pleadings. Also, they assert that their "dilemma was rectified on April 7, 2005, when Judge Gertner issued a further order indicating that in fact Magistrate Collins' order for dispositive motion superceded her discovery order of February 25, 2005."

First of all, the two orders, although issued on the same day by two different justices, dealt with completely seperate issues. The order issued by Judge Collins, among other things, was a request to the defendants to file their dispositive motion on or about "**March 31, 2005.**" Judge Gertner's order on the other hand, among other things, is about the plaintiff's request (pursuant to 28 U.S.C., Section 19I5(e)(1)) for an appointment of pro bono counsel. Judge Gertner, cannot be more clear. She wrote, "..request for appointment of counsel is denied without prejudice to **renewing after the Defendants have filed a dispositive motion or the dispositive motion deadline has expired... A scheduling conference shall be set in order to establish a discovery and/or briefing schedule in this action. Plaintiff is not required to file any responses to any pleadings filed by the defendants in this action..**", ( emphasis added).

2

Second, Judge Gertner's order of February 25, 2005 did not excuse the defendants to file their dispositive motion. The order clearly states that the plaintiff may submit another request for an appointment of pro bono counsel **"after the Defendants have filed a dispositive motion.."** Further, The meaning of "dispositive motion" is explained in her foot-note.

Third, Judge Gertner's order of February 25, 2005 did not excuse the defendants to file their dispositive motion because the "scheduling conference" had to do with **"discovery and/or briefing schedule in this action"**, and had nothing to do with pending dispositive motion.

Four, the defendants' counsel is trying to make the honorable court believe that they could not have asked for an extension or enlargement of time before the dispositive motion deadline had expired. The defendants' counsel is a trained lawyer, has unlimited resources (compared to a high school educated, pro se prisoner plaintiff). Further, the defendants' counsel has above all twenty four hour access to privileges like fax, telephone and internet. The counsel could have easily faxed, called on the phone or e-mailed the court, requesting the court to clarify its orders of February 25, 2005 and should have rectified their "dilemma" before the dispositive motion deadline had expired. Why did the counsel wait untill <u>fifteen days</u> after the dispositive motion deadline had expired to file their motions?

In closing, the plaintiff does not believe that confusion qualifies for an "excusable neglect" under the federal rules of civil procedure,

for the court to grant the defendants' motion to file late their dispositive motion <u>after the deadline to file such a motion has expired.</u> The defendants' are represented by competent counsel who has the backing of one of the premier law firms in Boston area. The defendants' counsel should have requested the court to offer a clarification to its orders, or the counsel should have filed for an enlargement of time pursuant to Civ.R.6(b) or Civ.R.60(b), before the deadline had expired to file their dispositive motion. Defendants' counsel waited until **fifteen days** after the dispositive motion deadline had expired to file its motions. As a result, the motions must be dismissed and a judgment in favor of the plaintiff must be granted.

Respectfully submitted,

Dated: 4/23/05

Daniel Silva
Plaintiff, pro se
Maine State Prison
807 Cushing Road
Warren, ME 04864-4600

4

## CERTIFICATE OF SERVICE

I, Daniel Silva, certify that I have served the foregoing by causing a copy to be mailed, postage pre-paid, directed to the Office of the Honorable Clerk, United States District Court, 1 Courthouse Way, Suite 2300, Boston, MA 02210. Further, I certify that I have served the foregoing by causing a copy to be mailed, postage pre-paid, directed to Mr. Stephen C. Pfaff, counsel for defendants' at the following address: Merrick, Louison & Costello, LLP; Attorneys at Law; 67 Batterymarch Street; Boston, MA 02110

Dated: 4/23/05

_Daniel Silva_

Daniel Silva
Plaintiff, pro se
Maine State Prison
807 Cushing Road
Warren, ME 04864-4600

5