UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANIEL SILVA,              )
                           )
        Plaintiff,         )
                           )   CIVIL ACTION
        v.                 )   04-11769-NG
                           )
SHERIFF FRANK COUSINS, ET AL., )
                           )
        Defendants.        )

## OPPOSITION TO THE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1. **INTRODUCTION**

The facts underlying this dispute are relatively simple. Plaintiff Daniel Silva, who remains incarcerated in the State of Maine, brought pro se action in this court under 42 U.S.C. Section 1983.

Simply put, the plaintiff alleges that each of the named defendants as specified in the Complaint, through their agent, servants and employees, among other things, violated his rights, particularly, Fourteenth Amendment right to due process and Eight Amendment right to be free from cruel and unusual punishment by subjecting him to false imprisonment. Please see Affidavit of Daniel Silva (attached) and the Complaint, p.1.

On April 15, 2005, the defendant's counsel filed Motion for Extension of Time to File **Motion for Judgment on Pleadings** and Motion for Judgment on the Pleadings. In response to these motions, the

1

plaintiff submitted Motion to Dismiss and Motion for Enlargement of Time. The court granted the defendants' Motion to File Late their Motion for Judgment on Pleadings as well as the court granted the plaintiff's Motion for Enlargement of Time to File an Opposition to the Defendants' Motion for Judgment on Pleadings. Motion to Dismiss The Defendants' Motion to File Late Their Motion for Judgment on Pleadings filed by the plaintiff was denied.

The plaintiff now humbly and respectfully submits his Oposition to Defendants' Motion for Judgment on Pleadings.

2. **DISCUSSION**

First, in its Motion for Judgment on Pleadings, it is the position of the defendants' counsel that "The Essex County Correctional Facility," is not a legal distinct entity for which a plaintiff can sue. The plaintiff agrees.

However, the court should take into account that the plaintiff is a pro se litigant who does not have any legal training or formal schooling and is helped by equally incompetent and unqualified "jail house lawyers." Therefore, the plaintiff should be given some leniency and latitude. In **Boag v. MacDOUGALL**, 454 U.S. 364, 102 S.Ct. 700 (1982), the court illustrated this point by stating that pleadings filed by individual representing themselves are held to a less stringent standard than those prepared by attorneys. Moreover, in the case cited by the defendants' counsel - **Stratton v. City of Boston**, 731 F.Supp.42 49 (D.Mass. 1989) - the court grants the plaintiff sixty (60) days to amend his complaint.

Secondly, the defendents' counsel assert that the petitioner has failed to state a claim upon which relief can be granted.

In deciding a motion to dismiss, "the complaint is construed in the light most favorable to plaintiff and its **allegations** are taken as true." 5A CHARLES A. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE section 1357, at 304 (2nd Ed. 1990) (emphasis added). Further, a complaint will not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Also, a complaint may be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Torres-Viera v. Laboy-Alvardo, 311 F.3d 105, 108 (Ist Cir.2002) (internal quotation omitted, quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)).

Additionally, the plaintiff's Section 1983 claims "need only comply with the liberal notice pleading standards of the Federal Rules." Wilson v. Town of Mendon, 294 F.3d 1. 10 (1st Cir. 2002) (citing Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)); see also Swirekiewicz, 534 U.S. at 513 ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.")

Following these precepts, the court must accept as true that the defendants' falsely imprisoned the plaintiff in bounded area without jurisdiction or consent, despite the documentary evidence that the plaintiff's sentence was up and he was due for release. Furthermore, the named defendants' conspired to deliberately falsify the documents to cause the plaintiff to be held in the prison.

Based on these facts, the plaintiff alleges, among other things, violation of his constitutional rights.

3

Thirdly, the defandants' counsel claims that the plaintiff should challenge the Massachusetts Parole Board. The plaintiff in his Complaint did not say any thing regarding parole or "parole edibility date". The plaintiff is perplexed as to why the defendants' counsel would put this argument in this motion.

3. **CONCLUSION**

The court must take the allegations in the plaintiff's Complaint as true. **See: Huges v. Rowe,** U.S. 5, 10(1980) **(per curiam)** and the pro se complaint should not be dismissed for failure to state a claim upon which relief could be granted if it appears he may be able to offer proof of his claim. Moreover, the court may order the plaintiff to amend his complaint.

In closing, the plaintiff respectfully requests this honorable court **NOT to GRANT** the defendants' Motion to Judgment on the Pleadings.

Additionally the plaintiff requests the honorable court **TO GRANT** the plaintiff sixty (60) days from the day this honorable court decides on this motion, to amend his Complaint.

Respectfully submitted by,

Dated: 6/23/05

Daniel Silva
Maine State Prison
807 Cushing Road
Warren, ME 04864-4600

## CERTIFICATE OF SERVICE

I, Daniel Silva, certify that I have served the foregoing by causing a copy to be mailed, postage pre-paid, directed to the Office of the Honorable Clerk, United States district Court, 1 Court House Way, Suite 2300, Boston, MA 02210.

Further, I certify that I have served the foregoing by causing a copy to be mailed, postage pre-paid, directed to Mr. Steohen C. Plaff, counsel for the defendants' at the following address:
Merrick, Louison & Costello, Attorneys at Law, 67 Batterymarch Street, Boston, MA 02110.

Dated: 6/23/05

XXXXXXXXXXXXXX
Daniel Silva
Maine State Prison
807 Cushing Road
Warren, ME 04864-4600

5