UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DANIEL SILVA,** ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. |
| **ESSEX COUNTY CORRECTIONAL FACILITY,** ) | 04-11769-NG |
| **PEABODY POLICE DEPARTMENT,** ) | |
| **SERGEANT SHEILA McDAID,** ) | |
| **SHERIFF COUSIN,** ) | |
| **LYNN HANSON** ) | |
| **HOWARD CANUSCO,** ) | |
| Defendants. ) | |

GERTNER, D.J.:

**ORDER**
December 2, 2005

The Motion for Judgment on the Pleadings [docket entry #21] by defendants Essex County Correctional Facility ("ECCF"), Sheriff Cousin, Sheila McDaid, Lynn Hanson, and Howard Canusco is hereby **GRANTED** in part and **DENIED** in part. The Motion is granted as to defendant ECCF alone. In an order dated October 29, 2004, [docket entry #5], this Court already dismissed this action as to defendant ECCF. The Motion is denied as to all other defendants.

Since this case is about plaintiff's institutional record, and fairly straightforward computations based thereon, the Court orders the following: The defendants are hereby ordered to produce the plaintiff's institutional record including, but not limited to, any documents on which basis the plaintiff's release date was calculated. Within thirty days of the date of this order, defendants shall serve a copy of this record on the

plaintiff and file a copy with this Court.  If appropriate, the defendants may at the same time resubmit to this Court their Motion for Judgment on the Pleadings as a motion for summary judgment.[1]

**SO ORDERED.**

**Dated: December 2, 2005**               <u>s/ NANCY GERTNER, U.S.D.J.</u>

---

[1] The Court notes that the Complaint [docket entry #2] listed "Peabody Police Dept. Sgt. Sheila McDaid" as a defendant.  The Peabody Police Department was not listed as a separate defendant. However, on November 11, 2004, a summons was issued as to both Sergeant Sheila McDaid and, separately, the Peabody Police Department.  Both summonses were executed on November 19, 2004.

To date, the Peabody Police Department has not participated in this case and did not join the other defendants' Motion for Judgment on the Pleadings. It appears to the Court that the issuance and execution of a separate summons as to the Peabody Police Department was perhaps a mistake.

At the same time they file the plaintiff's institutional record, the defendants shall address the question of whether the Peabody Police Department was properly made a separate defendant in this case and file any appropriate motions.