UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-11769-NG

DANIEL SILVA,
     Plaintiff,

v.

ESSEX COUNTY CORRECTIONAL
FACILITY, SHERIFF FRANK COUSINS,
LYNN HANSON, HOWARD CANUSCO,
PEABODY POLICE DEPARTMENT,
SGT. SHEILA MCDAID,
     Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.CIV.P. 56(C)
OF DEFENDANTS SHERIFF FRANK COUSINS, ESSEX COUNTY SHERIFF'S
DEPARTMENT, LYNN HANSON, HOWARD CANUSCO AND SHEILA MCDAID**

**I.     STATEMENT OF THE CASE**

The *pro se* plaintiff who is incarcerated in a Maine State Penitentiary, alleges Eighth and

Fourteenth Amendment violations against the defendants "for their personal and professional

action when they entered in a conspiracy to deliberately falsify official government documents to

cause me to be held in the prison..."

From what can be deciphered from the Complaint, the plaintiff is apparently alleging that

he is entitled to certain credit time while he was incarcerated so that his release date after being

incarcerated on July 5, 2002 should have been on or about September 12, 2002.  Instead, the

plaintiff alleges that he was not released until January 31, 2003.

Further to the telephone status conference held with the Court and all parties on March

20, 2006, the defendants hereby move for summary judgment, as there are no disputed material

facts and they are entitled to judgment as a matter of law.

II.    **STATEMENT OF THE FACTS**

The plaintiff alleges that on or about July 5, 2002, he was sentenced to imprisonment to serve nine months with a credit of 153 days "with any salvation army program." (Complaint, p. 1, paragraph A). The plaintiff contends that upon his incarceration his release date was to be on or about September 12, 2002 but he was not released on January 1, 2003 - - 153 days past his release date which would have been on September 12, 2002 had he been allegedly properly credited 153 days credit time while in prison. (Id. at paragraph B).

Upon his release from the Essex County Correctional Facility, the plaintiff was immediately handed over to the State of Maine for incarceration for crimes in that state. The plaintiff remains incarcerated in the State of Maine.

III.    **ARGUMENT**

**The Defendants' Motion For Summary Judgment Pursuant To F.R.Civ.P. 56(c)**
**Should        Be Granted Because There Are No Material Disputes And The Defendants**
**Are    Entitled To Judgment As A Matter Of Law.**

> A.    **The Petitioner Has Failed to State a Claim Upon Which Relief Can Be**
> **Granted.**

Nowhere in the body of the complaint does the petitioner allege any wrongdoing against the defendants Cousins, Hanson, Canusco and McDaid. Indeed, it is apparent that the only reason that Cousins, Hanson, Canusco and McDaid are named as defendants is apparently because of the petitioner's incarceration in that facility.

Secondly, the petitioner has challenged the calculation of his parole eligibility date, thus challenging the aggregation of the parole ineligibility periods of his various sentences. Such a challenge must be made against the Massachusetts Parole Board. MGL ch. 127, § 133. It is the

Parole Board that has subject jurisdiction over any allegations that a prisoner is not afforded due process.  See Commonwealth v. Hogan, 17 Mass App. Ct. 186 (1983),  review denied 391 Mass 1101 (1983).

**B.**    **Upon Receipt by the Essex County Correctional Facility of Corrected *Mittimus* from the Peabody District Court, the Plaintiff Was Promptly Released to the Custody of the State of Maine.**

Plaintiff was committed to the Essex County Correctional Facility on October 18, 2001 in Salem District Court for assault and battery, pursuant to M.G.L. Chapter 265, Section 13, Salem Criminal Docket Number 0036 CR 2919.  Plaintiff received one year committed, with eleven (11) days credit for time served, as shown on the *mittimus* (order of commitment) issued on October 18, 2001 (Exhibit "A").  Subtracting the eleven days from October 18, 2001, the Plaintiff's effective date for time served was October 7, 2001, with a release date one year from that day, or October 6, 2002.

On July 8, 2002, the Plaintiff was sentenced to an additional nine months committed for the crimes of witness intimidation, pursuant to M.G.L. Chapter 268, Section 13b; and two separate violations of an abuse prevention order.  The Plaintiff was sentenced out of Peabody District Court, and the Criminal Docket Numbers were 0286 CR 0594, 0186 CR 1776, and 0186 CR 1771, respectively.  A *mittimus* was issued that same day, but listed no credit days (Exhibit "B").  A corrected *mittimus* reflected a credit of one hundred and sixty-five (165) days after the last sentence (Exhibit "C"), but was not issued by the Court until January 29, 2003, and was received by the Essex County Correctional Facility on January 30, 2003.  This corrected *mittimus* resulted in the Plaintiff receiving a total credit of 176 days (165 plus the original 11 days from October 18, 2001).

3

Since the original commitment date was October 18, 2001, the Plaintiff received 176 days of credit, or a sentence effective date of April 25, 2001. The sentencing date of one year (on the original sentence) and the additional nine months (from the second sentencing) totaled six hundred and thirty-five (635) days. When the 635 days were added to the new sentence effective date of April 25, 2001 on the corrected *mittimus* (Exhibit "C") of January 29, 2003, the Plaintiff's institutional discharge date became January 19, 2003. The Essex County Correctional Facility acted to discharge the Plaintiff immediately upon receipt of the corrected *mittimus*–discharging the Plaintiff on January 31, 2003–but re-processing the Plaintiff because of events which had occurred in the state of Maine.

The state of Maine had issued a warrant for the Plaintiff's arrest on January 15, 2003, on a charge of aggravated assault (Exhibit "D"). (Therefore, even if the Plaintiff had been released from custody by the Essex County Correctional Facility on January 19, 2003, he would have been immediately released into the custody of the officials from the state of Maine's prison system, because of the issuance of the warrant of January 15, 2003.). Plaintiff was held in Essex County until February 4, 2003, when he was released into the custody of the state of Maine.

## IV. <u>CONCLUSION</u>

For all the reasons expressed above, the defendants request this court grant their Motion for Summary Judgment as there are no disputed material facts and they are entitled to judgment as a matter of law.

Defendant, Cousins, Hanson, Canusco and McDaid,
By his attorneys,

<u>/s/Stephen C. Pfaff</u>

Douglas I. Louison BBO# 545191
Stephen C. Pfaff BBO# 553057
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305


## CERTIFICATE OF SERVICE

I, Stephen C. Pfaff, hereby certify that on the 12th day of April, 2006, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Daniel Silva, pro se, Maine State Prison, 807 Cushing Road, Warren, ME 04864.

/s/Stephen C. Pfaff
Stephen C. Pfaff