UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11769-NG

DANIEL SILVA
    Plaintiff,

v.

SHERIFF FRANK COUSINS, et al,
    Defendants.

    On April 12, 2006, the defendants' filed their motion for summary judgment. This is the plaintiff's response. However, this honorable court has granted the plaintiff's request "to file a motion to amend his complaint by 6/30/2006 outlining the ways in which he seeks to amend." In the light of this order, the plaintiff is not sure whether this response to the defendants' motion for summary judgment is justified or necessary since the plaintiff seeks to file the aforementioned motion to amend the complaint within the court specified date.

    The fact underlying the dispute is very simple. Plaintiff Daniel Silva, a pro-se plaintiff who is incarcerated in the Maine State Prison brought a civil action suite under the **42 U.S.C. § 1983**, and various provisions of Commonwealth Law, contending and/or intends to contend in an amended complaint, among other things, that the defendants' and/or officials/staff members/administrators of the Department of Corrections and/or Essex County Correctional facility and/or police officers violated his Fourteenth Amendment right of due process, his Fourth Amendment right to be free from illegal searches and seizures and Eight Amendment rights by subjecting him to false arrest and/or false imprisonment. The plaintiff also asserted and/or will allege in his amended complaint that the aforementioned officials and/or defendants' conspired to deprive him of these rights. The defendants' and/or the aforementioned officials acted negligently, willingly, knowingly and/or at least recklessly by failing to maintain plaintiff's good-time credit awards and/or by failing to correctly calculate the plaintiff's earned good-time credits, and/or failing to keep tract of plaintiff's expiration of sentence date which they had an independent duty to do so under the laws, codes and/or statutes of the Commonwealth, and/or falsifying these aforementioned records.

    Summary judgment is warranted if, after reviewing the facts in the light most favorable to the non-moving party, no genuine issues of material fact remain and that the moving party is entitled to judgment as matter of law. **Anderson**, 477 U.S. at 248; Fed.R.Civ.P. **56**(c). A "genuine" issue of fact is one that a reasonable jury, on the record before the court, could resolve in favor of either party. **Andserson**, 477 U.S. at 248. A fact is material when it "might effect the outcome of the suit under the governing law." **Hayes v. Douglas Dynamics, Inc.**, **8 F.3d 88**, 90 (1st Cir. 1993) (citing **Anderson**, 477 U.S. at 248). However, in making a determination, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. **Anderson**, 477 U.S. at 255. Furthermore, a complaint may be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." **Torres-Viera v. Laboy-Alvarado, 311 F.3d**

105, 108 ( 1st Cir. 2002) (quoting <u>Swierkiewicz</u> v. <u>Sorema N.A.</u>, <u>534 U.S. 506</u>, 514 (2002)). Additionally, the plaintiff's section 1983 claim "need only comply with the liberal notice pleading standards of the Federal Rules." <u>Wilson</u> v. <u>Town of Mendon</u>, 294 F.3d 1. 10 (1st Cir. 2002). <u>See</u> also <u>Swirekiewicz</u>, 534 U.S. at 513 ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Here, the complaint alleged, in part, and most importantly, the amended complaint will allege, among other things, that the plaintiff was falsely imprisoned without jurisdiction or consent, despite the documentary evidence that the plaintiff's sentence was up and he was due for release. Furthermore, the plaintiff believes that there is sufficient evidence of conspiracy and/or negligence and/or deliberate indifference and/or reckless behaviour and/or falsification of documents to cause the plaintiff to be held in the prison. Please see **EXHIBITS 1 through 6**. Please also see **PLAINTIFF'S RESPONSE TO DEFENDANT'S RESPONSE TO COURT ORDER OF FEBRUARY 17, 2006**, specifically, ¶ 1 through 6, and the accompanying exhibits, (this document was mailed to the court for the record on March 31, 2006, and also please see: **OPPOSITION TO THE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** (this document was mailed to the court on June 6, 2005).

In closing, the plaintiff sincerely believes, keeping in mind that the plaintiff is pro-se and a semi-illiterate prisoner who has no legal training, that the complaint adequately set forth or the amendment complaint will adequately set forth a claim upon which relief could be granted. In appraising the sufficiency of the complaint the courts have followed the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Also, the defendants' argument that the complaint failed "to set forth specific facts to support its general allegations...[is without merit] the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he basis his claim. To the contrary, all the Rules require is a short and plain statement of the claim." <u>Conley</u> v. <u>Gibson</u>, 355 U.S. 41 (1957). The defendants' summary motion must be denied and/or should not be decided until after the plaintiff has filed his amended complaint.

Dated: May 17, 2006

Very respectfully submitted,

*Daniel Silva*
Daniel Silva, pro-se
Maine State Prison
807 Cushing Road
Warren, ME 04864

### CERTIFICATE OF SERVICE

I, Daniel Silva, certify that I have served the foregoing by causing a copy to be mailed, postage pre-paid, directed to the office of the Honorable Clerk of the Court, Ms. Maryellen Molly, United States District Court, 1 Court House Way, Suite 2300, Boston, MA 02210.

Furthermore, I, certify that I have served the foregoing by causing a copy to be mailed, postage pre-paid, directed to Mr. Stephen C. Pfaff, counsel for the defendants' at the following address:

Merrick, Louison & Costello, LLP, Attorneys at Law, 67 Battery March Street, Boston, MA 02110.

Dated: May 17, 2006

_____
Daniel Silva, pro-se
Maine State Prison
807 Cushing Road
Warren, ME 04864